IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| NIKIA EDWARDS, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>OPTIMA HEALTH PLAN, and SENTARA HEALTH PLANS, INC.,<br><br>    Defendants. | Civil Action No. 2:20-cv-192<br><br>**JURY DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Nikia Edwards ("Plaintiff") files this Collective Action Complaint ("Complaint") against Optima Health Plan ("Optima") and Sentara Health Plans, Inc. ("SHPI") (collectively, "Defendants"), and in support states the following:

**Nature of this Lawsuit**

1. Defendants collectively operate as a health insurance company under the trade name Optima Health and provide health plan coverage to approximately 450,000 members.[1]

---

[1] https://www.optimahealth.com/company/about/ (last viewed on March 22, 2020).

2. Defendants' core functions include determining whether insurance benefit requests are medically necessary under applicable guidelines by conducting utilization reviews.[2]

3. Defendants conduct utilization reviews to determine make determinations whether to approve its members' health insurance benefit requests on an ongoing, day-to-day basis.

4. Defendants employed Plaintiff and other non-management employees as Clinical Claims Reviewers, Behavioral Health Utilization Management Care Coordinators, Authorization Coordinators, Pre-Authorization Coordinators, and in similar job titles whose primary job was to perform utilization reviews ("Utilization Review Employees").

5. Defendants paid Utilization Review Employees a salary.

6. Defendants' Utilization Review Employees regularly worked over 40 hours per week.

7. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all overtime hours worked.

8. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 hours in an individual workweek.

---

[2] https://www.optimahealth.com/documents/quality-improvement/annual-provider-notices-quality-improvement.pdf (last visited March 22, 2020).

9. The utilization reviews performed by Plaintiff and other Utilization Review Employees consisted of reviewing health insurance benefit requests submitted by health care providers against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

10. The Utilization Review Work performed by Plaintiff and other Utilization Review Employees was non-exempt work.

11. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Review Employees, who, due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

**The Parties**

12. Plaintiff worked for Defendants as a Utilization Review Employee in Virginia from approximately June 2018 to approximately November 2018.

13. During Plaintiff's employment, Defendants referred to her job title in multiple ways, including referring to her as a Behavior Health Care Coordinator, Pre-Authorization (Pre-Auth) Coordinator, Authorization Coordinator and Behavioral Health Utilization Management Care Coordinator.

14. Optima is a Virginia corporation and has its principal place of business in this District.

15. Optima is a subsidiary of Sentara Healthcare, a Virginia Corporation with its principal place of business in this District.

16. SHPI is a Virginia Corporation with its principal place of business in this District.

17. SHPI is a wholly-owned subsidiary of Sentara Holdings, Inc., a wholly-owned subsidiary of Sentara Healthcare.

**Jurisdiction and Venue**

18. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

19. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

20. Plaintiff worked as a Utilization Review Employee for Defendants.

21. During her employment with Defendants, Plaintiff primarily performed Utilization Review Work.

22. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

23. During her employment with Defendants, Plaintiff's job duties did not involve providing nursing care in a clinical setting or providing direct medical care to individuals.

24. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

25. In fact, in performing her Utilization Review Work for Defendants, Plaintiff had the authority to approve health insurance benefit requests that met matched predetermined criteria, but did not have the authority to deny health insurance benefit requests that did not match criteria for approval.

26. During her employment with Defendants, Plaintiff's job duties did not require advanced knowledge customarily acquired by a prolonged course of study.

27. The prerequisites set by Defendants to work as a Utilization Review Employee did not require licensure as a registered nurse or a bachelor's degree of any kind.

28. In fact, during Plaintiff's employment with Defendants, Defendants hired Utilization Review Employees to perform Utilization Review Work who (1) possessed no bachelor's degree; and (2) held only License Practical Nurse (LPN) licensure

29. Defendants suffered Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

30. During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

31. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

32. Defendants paid Plaintiff a salary.

33. Defendants paid Plaintiff the same amount of compensation each week regardless of the number of hours she worked each week during her employment.

34. When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

35. Optima is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

36. Optima is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

37. Optima has more than $500,000 in sales made or business done in each of the last three calendar years.

38. During her employment, Plaintiff was an "employee" of Optima as defined by the FLSA in 29 U.S.C. § 203(e).

39. During her employment, Optima was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

40. SHPI is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

41. SHPI is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

42. SHPI has more than $500,000 in sales made or business done in each of the last three calendar years.

43. During her employment, Plaintiff was an "employee" of SHPI as defined by the FLSA in 29 U.S.C. § 203(e).

44. During her employment, SHPI was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

45. Defendants jointly employed Plaintiff.

46. The Utilization Review Work performed by Plaintiff and potential Collective Action Members was provided to Members under the "Optima Health" trade name.

47. Sentara Healthcare's direct and indirect subsidiaries—including Optima Health Plan, Optima Health Insurance Company, Optima Health Group, Inc., and Sentara Health Plans, Inc.—operate under the trade name "Optima Health."[3]

48. "Optima Health" is branded as "A Service of Sentara."[4]

49. During her employment, Plaintiff's salary was paid by Sentara Healthcare.

50. Job openings at Optima Health are listed on Sentara Healthcare's website.

**Collective Action Allegations**

51. Plaintiff brings her FLSA claim as a collective action.

52. Plaintiff's consent form to participate in the collective action is attached.

53. The collective action is defined as follows:

All individuals employed by Defendants as Utilization Review Employees in the last three years who were paid a salary and classified as exempt from overtime ("Collective Action Members"). This definition specifically excludes all individuals who have filed or are eligible to file consents to join *Brunty v. Optima Health Plan et al.*, Case No. 2:19-cv-255, filed in this District.

54. Plaintiff and the Collective Action Members are similarly situated because they were paid in the same manner and performed the same primary job duties.

55. In the last three years, Defendants employed individuals who performed the same primary job duties as Plaintiff.

---

[3] www.optimahealth.com (last viewed on March 22, 2020).
[4] *Id.*

56. Of Defendants' employees who performed the same primary job duties as Plaintiff in the last three years, Defendants classified some or all of them as exempt from the overtime provisions of the FLSA and paid them a salary.

57. Of employees classified as exempt who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

58. Defendants maintained one or more common job descriptions for Collective Action Members.

59. Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

60. Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

61. Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

62. Defendants are aware or should have been aware that the FLSA required them to pay potential Collective Action Members overtime wages.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

63. Plaintiff incorporates here the previous allegations of this Complaint.

64. This count arises from Defendants' violation of the FLSA by failing to pay overtime wages to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

65. Plaintiff was not exempt from the overtime provisions of the FLSA.

66. The Collective Action Members were not exempt from the overtime provisions of the FLSA.

67. Plaintiff was directed by Defendants to work, and she did work, more than 40 hours in one or more individual workweeks.

68. Other Collective Action Members were directed by Defendants to work, and did work, more than 40 hours in one or more individual workweeks.

69. Defendants paid Plaintiff a salary and no overtime compensation.

70. Defendants paid other Collective Action Members a salary and no overtime compensation.

71. Defendants violated the FLSA by failing to pay overtime wages to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

72. Defendants violated the FLSA by failing to pay overtime wages to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

73. Defendants' failure to pay Plaintiff and other Collective Action Members one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B. Liquidated damages equal to the unpaid overtime compensation due; or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully submitted,

By: /s/ *Zev H. Antell*
Attorneys for Plaintiff

| | |
|---|---|
| Harris D. Butler, III (VSB No. 26483)<br>Zev H. Antell (VSB No. 74634)<br>Paul M. Falabella (VSB No. 81199)<br>Butler Royals, PLC<br>140 Virginia Street, Suite 302<br>Richmond, Virginia 23219<br>Tel: (804) 648-4848<br>harris.butler@butlerroyals.com<br>zev.antell@butlerroyals.com<br>paul.falabella@butlerroyals.com | Jack Siegel*<br>Siegel Law Group PLLC<br>4925 Greenville Avenue \| Suite 600<br>Dallas, Texas 75206<br>Tel: (214) 790-4454<br>jack@siegellawgroup.biz |
| Travis M. Hedgpeth*<br>The Hedgpeth Law Firm, PC<br>3050 Post Oak Blvd.<br>Suite 510<br>Houston, Texas 77056<br>Tel: (281) 572-0727 | |

| travis@hedgpethlaw.com | |
|---|---|

*Application for admission pro hac vice forthcoming*