IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NIKIA EDWARDS, on behalf of herself
and others similarly situated,

    Plaintiff,

v.                                            Civil Action No. 2:20cv192

OPTIMA HEALTH PLAN and
SENTARA HEALTH PLANS, INC.,

    Defendants.

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR STAY OF DISCOVERY

The parties, by counsel, and pursuant to Local Rule 7(G), jointly submit the following Memorandum in Support of the Parties' Consent Motion for Stay of Discovery ("Continuance Motion"). This is a Fair Labor Standards Act ("FLSA") action in which the named Plaintiff alleges that she was misclassified as exempt from FLSA overtime requirements. The named Plaintiff purported to sue on behalf of herself and others similarly situated. Plaintiff plans on filing a Motion for Conditional Certification and Court Authorized Notice to a potential collective action class by no later than August 3, 2020 (the "Motion"). The Defendants will oppose the Motion.

For the reasons described below, the Parties jointly believe that economic and judicial efficiencies would be best served by staying discovery and any deadlines preliminarily set during the initial Scheduling Conference held on July 24, 2020, until after the Court rules on the Motion. If the Court should grant the Motion, the Parties request that discovery and any such deadlines be stayed until after the opt-in period during which new plaintiffs are authorized to join the conditionally certified collective action class (if any). The Parties further request that if a

trial date is preliminary set at the Scheduling Conference, that this trial should be continued and a new Scheduling Order and trial date should be issued after the Court rules on Plaintiff's Motion (and if granted, the closure of any opt-in period).

## BACKGROUND AND ARGUMENT

This case was initially filed by Nikia Edwards, a former "Behavioral Health Utilization Management Care Coordinator" for Optima Health Plan ("Optima"). Subsequently, three other Optima employees filed consents to participate in the litigation. In her First Amended Complaint, Plaintiff contends that she and other "Care Management Employees" were misclassified as exempt from the FLSA's overtime requirements and were improperly denied overtime pay. Optima denies these allegations. Plaintiff alleges that the case should proceed as a collective action that would include Plaintiff and other Care Management Employees. Plaintiff contends that all of these employees are "similarly situated" and that a collective action class potentially including these other employees is appropriate. Optima denies that the separate job titles that Plaintiff groups under her proposed definition of "Care Management Employees" should be grouped together, that the employees referenced by Plaintiff are similarly situated, and that the case should proceed as a collective action.

Plaintiff has stated her intention to file her Motion for Conditional Class Certification by August 3, 2020. This Motion will seek conditional certification of a collective action "opt-in" class, as well as the right to send notice to all potential class members of their right to opt into the conditional class. Optima will be opposing the Motion.

Unlike in class actions under Rule 23, FLSA collective actions require potential plaintiffs in a conditionally certified class to opt-in to the litigation. If the Court grants the Motion, Plaintiffs would generally be given some deadline by which they must distribute a Court-

Approved Notice to potential class members, and a deadline to add any new plaintiffs to the suit. Thus, it will not be clear who or how many plaintiffs will be involved in this case until after the Court rules on Plaintiff's Motion and until after the end of the Notice period.  This makes a December discovery cutoff impracticable.  Moreover, if the Court grants the Motion, and after the Parties conduct discovery, Defendants would likely file a Motion to Decertify some or all of the Conditional Class.  It is also likely that one or both sides of the litigation would file Motions for Summary Judgment.  Only after the Court ruled on these Motions would the parties know the potential scope of any remaining discovery and trial preparation, or the scope of the trial itself. This is yet another reason that closing discovery in December and a May trial date appears impracticable for this case.

      If the Court denies the Motion, the scope of necessary discovery and depositions may be relatively limited.  On the other hand, if the Court grants the Motion, the scope of discovery will be expanded to include employees, additional supervisors and other potential witnesses related to the new plaintiffs, and additional documents and information that could be relevant to the new plaintiffs' claims and Optima's defenses to these claims.  By staying discovery until after the Court rules on Plaintiff's Motion and (if the Motion is granted) the opt-in period has concluded, the Parties can avoid significant costs conducting discovery and handing discovery disputes that would only be relevant if the Court grants the Motion and the potential plaintiffs opt-in.

      Without information about the putative class definition (if any) approved by the Court, number of potential class members (if any), and potential jobs included in the class (if any), it would be difficult for the Parties to estimate the appropriate scope of discovery.  It is also impossible to estimate the length of trial.  If the Court denies the Motion, the trial could last between two and four days, but if the Motion is granted, the trial could last a number of weeks or

even months.  If the Motion is denied in whole or in part (and if the Court grants this Continuance Motion) the parties will have avoided significant unnecessary discovery about jobs and employees who would not be relevant to the more limited action following a partial or complete denial of the Motion.

For these and other reasons, collective actions do not lend themselves to the traditional schedule as they are a unique type of action and are generally conducted in multiple phases.  For example, if the Court grants Plaintiff's Motion, there would typically be a robust period of discovery, followed by a Motion to Decertify some or all of the Conditional Class, along with summary judgment motions from one or more of the parties.  Due to the phased nature of FLSA collective actions, this Court has repeatedly deviated from its standard single plaintiff employment cases.

Moreover, given that this case involves health care related employees, a stay of discovery until the Court rules on the Motion will avoid the need for unnecessary burden related to health-care related workers (in the middle of the COVID-19 related pandemic) who may not ultimately be in the collective action class should the Court deny Plaintiff's Motion in whole or in part.

For these reasons, the Parties hereby respectfully request that the Court order that:

1. Plaintiffs shall file their Motion for Conditional Certification and Notice by August 3, 2020.

2. Defendants shall file their opposition by August 28, 2020.

3. Plaintiffs shall file any Reply by September 10, 2020.

4. Discovery and other deadlines are stayed until after the Court's ruling on the Motion or (if the Motion is granted) the opt-in period for new plaintiffs closes.

5. The trial date and any other deadlines which would normally be set at the Rule 16 Scheduling Conference are continued until after the Court's ruling on the Motion.

6. After the Court rules on the Motion or (if the Motion is granted) the opt-in period for plaintiffs closes, the Parties will promptly meet and confer about an appropriate discovery plan and will attend a new Rule 16 scheduling conference.

WHEREFORE, the Parties respectfully request that the Court grant the Parties' Motion to Stay Discovery.

Respectfully Submitted,

| | |
|---|---|
| */s/* Zev H. Antell | /s/ David A. Kushner |
| Zev H. Antell (VSB No. 74634) | David A. Kushner (VSB # 71173) |
| Harris D. Butler, III (VSB No. 26483) | William M. Furr (VSB # 29554) |
| Paul M, Falabella (VSB No. 81199) | Cameron A. Bonney (VSB # 90574) |
| BUTLER ROYALS, PLC | Matthew K. Sarfan (VSB # 94979) |
| 140 Virginia Street, Suite 302 | Counsel for Optima Health Plan and |
| Richmond, Virginia 23219 | Sentara Health Plans, Inc. |
| Tel: (804) 648-4848 | WILLCOX & SAVAGE, P.C. |
| Fax: (804)237-0413 | 440 Monticello Avenue, Ste. 2200 |
| zev.antell@butlerroyals.com | Norfolk, Virginia 23510 |
| harris.butier@butlerroyals.com | (757) 628-5500 Telephone |
| paul.falabella@butlerroyals.com | (757) 628-5566 Facsimile |
| | dkushner@wilsav.com |
| Jack Siegel | wfurr@wilsav.com |
| Siegel Law Group PLLC | cbonney@wilsav.com |
| 4925 Greenville Avenue \| Suite 600 | msarfan@wilsav.com |
| Dallas, Texas 75206 | |
| Tel: (2l4) 790-4454 | |
| jack@siegellawgroup.biz | |

Travis M. Hedgpeth
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 5l0
Houston, Texas 77056
Tel: (28l) 572-0727
travis@hedgpethlaw.com