**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

NIKIA EDWARDS, on behalf of herself
and others similarly situated,

      Plaintiff,

v.                                Civil Action No. 2:20cv192

OPTIMA HEALTH PLAN and
SENTARA HEALTH PLANS, INC.,

      Defendants.

## ANSWER TO FIRST AMENDED ALLEGED COLLECTIVE ACTION COMPLAINT

Now Comes Defendants, Optima Health Plan ("Optima") and Sentara Health Plans, Inc. ("SHPI") (collectively, "Defendants"), by counsel, and for their Answer and Affirmative Defenses to the Plaintiff's First Amended Collective Action Complaint, states as follows:

### NATURE OF THIS LAWSUIT

1. Defendants collectively operate as a health insurance company under the trade name Optima Health and provide health plan coverage to approximately 551,000 members.[1]

**ANSWER:** Defendants deny that they "collectively operate" but admit that Optima provides health plan coverage to its members. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants' core functions include providing care management services to private health plan members and government-sponsored health plan enrollees.

---

[1] https://www.optimahealth.com/company/about/ (last viewed on June 24, 2020)

**ANSWER:**     Defendants deny that Paragraph 2 accurately or wholly describes their core functions.

3.     Defendants employed Plaintiff and individuals to perform utilization review and case management functions under job titles that include one or more of the following terms or variations of those terms: "Care Coordinator," "Care/Case Manager," "Utilization Review/Management,"[2] and Claims Reviewer" ("Care Management Employees").

**ANSWER:**     Defendants admit that Optima employed the Plaintiff.   Defendants deny that the job titles listed each involve the performance of similar duties to the Plaintiff. Defendants specifically object to Plaintiff's grouping and characterization of numerous separate and distinct jobs under Plaintiff's alleged defined term of "Care Management Employees."  This is neither a term of art nor a designation used by Defendants.  Thus, because Defendants are not aware of which employees and actual jobs are intended to be included within Plaintiff's term "Care Management Employees," and because Defendants deny that the listed jobs all have the same primary job or similar duties, Defendants state a global denial and objection to any attempts in the Complaint to group employees under the alleged title "Care Management Employees."  By the very nature of this allegation, Defendants are without sufficient information to admit or deny any allegations concerning a non-specific and overbroad grouping, and deny such allegations.

4.     Defendants paid Care Management Employees a salary.

**ANSWER:**     Defendants deny the allegations of Paragraph 4, including for reasons described in their answer Paragraph 3.  Defendants admit that Plaintiff was paid a salary.

5.     Defendants' Care Management Employees regularly worked over 40 hours per week.

---

[2] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review) or substitutions for "utilization review" such as "Prior/Pre-Authorization" or "Concurrent Review."

2

**ANSWER:** Defendants deny the allegations in Paragraph 5 including for the reasons listed in their Answer to Paragraph 3.

6. Defendants classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime for all overtime hours worked.

**ANSWER:** Defendants admit that Edwards was classified as exempt and not entitled to overtime. Defendants deny the remaining allegations of Paragraph 6, including for the reasons described in their Answer to Paragraph 3.

7. Defendants classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 hours in an individual workweek.

**ANSWER:** Defendants admit that Edwards was classified as exempt and not entitled to overtime. Defendants deny the remaining allegations of Paragraph 7, including for the reasons described in their Answer to Paragraph 3.

8. The utilization review and case management duties performed by Plaintiff and other Care Management Employees consisted of collecting information to document insured individuals' medical circumstances (data collection); inputting that information into Defendant's computer system (data entry); using established guidelines to maximize utilization of plan resources through the application of predetermine criteria (utilization management); coordinating care by arranging appointments and referrals and obtaining necessary authorizations from individuals (care coordination); educating members about their health plans (plan education) and other similar work ("Care Management Work").

**ANSWER:** Defendants deny the allegations in Paragraph 8 of Plaintiffs' Complaint. Defendants further state a global objection and denial to Plaintiffs attempt to combine the alleged duties of

multiple separate and distinct jobs into an ambiguous defined term of "Care Management Work." This is neither a term of are nor a term used by Defendants, and Defendants globally deny any allegations that include reference to "Care Management Work."

9.      The Care Management Work performed by Plaintiff and other Care Management Employees was non-exempt work.

**ANSWER:**      Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10.      Plaintiff brings this action on behalf of herself and other similarly situated Care Management Employees, who, due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 20l, *et seq*.

**ANSWER:**      Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

## THE PARTIES

11.      Plaintiff worked for Defendants as a Care Management Employee in Virginia from approximately June 20l8 to approximately November 20l8.

**ANSWER:**      Defendants admit that plaintiff worked for Optima in Virginia during the approximate dates alleged.  Defendants deny the remaining allegations of Paragraph 11, including for the reasons described in their answers to Paragraphs 3 and 8.

12.      During Plaintiff's employment, Defendants referred to her job title in multiple ways, including referring to her as a Behavior Health Care Coordinator, Pre- Authorization (Pre-Auth) Coordinator, Authorization Coordinator and Behavioral Health Utilization Management Care Coordinator.

**ANSWER:**      Defendants deny the allegations in Paragraph 12 of the Plaintiff's Complaint.

I-1701786.2

13.     Optima is a Virginia corporation and has its principal place of business in this District.

**ANSWER:**     Defendants admit the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Optima is a subsidiary of Sentara Healthcare, a Virginia Corporation with its principal place of business in this District.

**ANSWER:**     Defendants admit the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     SHPI is a Virginia Corporation with its principal place of business in this District.

**ANSWER:**     Defendants admit the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     SHPI is a wholly-owned subsidiary of Sentara Holdings, Inc., a wholly-owned subsidiary of Sentara Healthcare.

**ANSWER:**     Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § l33l because Plaintiff's FLSA claim arises under federal law.  See 29 U.S.C. § 2l6(b).

**ANSWER:**     Defendants deny that they violated the FLSA, but admit that an FLSA claim arises under federal law and that this court would therefore have initial subject matter jurisdiction over such a claim.

18.     Venue is proper in this District under 28 U.S.C. § l39l because the events forming the basis of this suit occurred in this District.

**ANSWER:**     Defendants deny that all of the events allegedly forming the basis of this suit occurred in this District, but do not object to venue at this time.

## FACTUAL ALLEGATIONS

19.     Plaintiff worked as a Care Management Employee for Defendants.

I-1701786.2

**ANSWER:**      Defendants admit that Plaintiff worked for Optima.  Defendants deny the remaining

allegations of Paragraph 19, including for the reasons described in their Answer to Paragraphs 3 and 8.

20.      During her employment with Defendants, Plaintiff primarily performed Care

Management Work.

**ANSWER:**      Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint, including

for reasons described in their response to Paragraph 3 and Paragraph 8.

21.      During her employment with Defendants, Plaintiff's job duties were routine and

rote and did not include the exercise of discretion and independent judgment with respect to

matters of significance.

**ANSWER:**      Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22.      During her employment with Defendants, Plaintiff's job duties did not involve

providing nursing care in a clinical setting or providing direct medical care to individuals.

**ANSWER:**      Defendants deny the allegations in Paragraph 22, including because they are without

sufficient information to know what Plaintiff intends by "a clinical setting" and "providing direct

medical care."

23.      During her employment with Defendants, Plaintiff's job duties were routine and

rote and did not include the exercise of discretion and judgment with respect to matters of

significance.

**ANSWER:**      Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.      During her employment with Defendants, Plaintiff's job duties did not require

advanced knowledge customarily acquired by a prolonged course of study.

**ANSWER:**      Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

I-1701786.2

25.    The prerequisites set by Defendants to work as a Care Management Employee did not require licensure as a registered nurse or a bachelor's degree of any kind.

**ANSWER:**    Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint, including for the reasons set forth in their Answer to Paragraphs 3 and 8 of Plaintiff's Complaint.

26.    In fact, during Plaintiff's employment with Defendants, Defendants hired Care Management Employees to perform Care Management Work who (l) possessed no bachelor's degree; and (2) held only License Practical Nurse (LPN) licensure.

**ANSWER:**    Defendants deny the allegations in Paragraph 26, including for the reasons in their Answers to Paragraphs 3 and 8 of Plaintiff's Complaint.

27.    Defendants suffered Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

**ANSWER:**    Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28.    During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

**ANSWER:**    Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29.    Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

**ANSWER:**    Defendants admit that Plaintiff was classified as exempt.

30.    Defendants paid Plaintiff a salary.

**ANSWER:**    Defendants admit that Plaintiff was paid a salary.

31.    Defendants paid Plaintiff the same amount of compensation each week regardless of the number of hours she worked each week during her employment.

**ANSWER:**    Defendants admit that Plaintiff was paid the same salary each week.

7

I-1701786.2

32.     When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

**ANSWER:**     Defendants deny that Plaintiff worked over 40 hours in any individual workweeks. However, they admit that Plaintiff was treated as exempt and was not entitled to overtime pay.

33.     Optima is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(l).

**ANSWER:**     Paragraph 33 of Plaintiff's Complaint calls for a legal conclusion to which no response is required.  However, Defendants do not dispute that Optima is covered under the Fair Labor Standards Act.

34.     Optima is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(l)(A).

**ANSWER:**     Paragraph 34 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. However, Defendants do not dispute that Optima is covered under the Fair Labor Standards Act.

35.     Optima has more than $500,000 in sales made or business done in each of the last three calendar years.

**ANSWER:**     Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     During her employment, Plaintiff was an "employee" of Optima as defined by the FLSA in 29 U.S.C. § 203(e).

**ANSWER:**     Paragraph 36 calls for a legal conclusion to which no response is required.  However, Defendants do not dispute that Optima was Plaintiff's employer.

37.     During her employment, Optima was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**ANSWER:**   Paragraph 37 calls for a legal conclusion to which no response is required.  However, Defendants do not dispute that Optima was Plaintiff's employer.

38.   SHPI is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(l).

**ANSWER:**   Paragraph 38 calls for a legal conclusion to which no response is required. However, Defendants do not dispute that SPHI is generally covered by the FLSA.

39.   SHPI is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(l)(A).

**ANSWER:**   Paragraph 39 calls for a legal conclusion to which no response is required. However, Defendants do not dispute that SPHI is generally covered by the FLSA.

40.   SHPI has more than $500,000 in sales made or business done in each of the last three calendar years.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.   During her employment, Plaintiff was an "employee" of SHPI as defined by the FLSA in 29 U.S.C. § 203(e).

**ANSWER:**   Paragraph 41 calls for a legal conclusion to which no response is required. Defendants deny that SPHI was Plaintiff's employer.

42.   During her employment, SHPI was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**ANSWER:**   Paragraph 42 calls for a legal conclusion to which no response is required. Defendants deny that SPHI was Plaintiff's employer.

43.   Defendants jointly employed Plaintiff.

**ANSWER:**   Paragraph 43 calls for a legal conclusion to which no response is required. Defendants deny that they jointly employed Plaintiff.

9

44.     The Care Management Work performed by Plaintiff and potential Collective Action Members was provided to Members under the "Optima Health" trade name.

**ANSWER:**     Defendants deny the allegations of Paragraph 44 including for the reasons listed in their Answers to Paragraphs 3 and 8.

45.     Sentara Healthcare's direct and indirect subsidiaries—including Optima Health Plan, Optima Health Insurance Company, Optima Health Group, Inc., and Sentara Health Plans, Inc.—operate under the trade name "Optima Health."[3]

**ANSWER:**     Defendants admit that certain of Sentara Healthcare's subsidiaries operate under the trade name Optima Health.  Defendants deny any remaining allegations or implications in Paragraph 45.

46.     "Optima Health" is branded as "A Service of Sentara."[4]

**ANSWER:**     Defendants are without sufficient information to admit or deny what plaintiff means by the term "branded."  However, Defendants admit that the Optima Health website quoted by Plaintiff describes Optima Health as a service of Sentara.

47.     During her employment, Plaintiff's salary was paid by Sentara Healthcare.

**ANSWER:**     While Defendants admit that Sentara Healthcare serves as pay agent for certain purposes, they deny that Sentara Healthcare paid Plaintiff's salary.

48.     Job openings at Optima Health are listed on Sentara Healthcare's website.

**ANSWER:**     Defendant admits that certain job openings are listed on Sentara's website.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings her FLSA claims as a collective action.

---

[3] www.optimahealth.com (last viewed on July 2, 2020)
[4] *Id.*

10

**ANSWER:**     To the extent a response is required to Paragraph 49 of Plaintiff's Complaint,

Defendants deny that Plaintiff has a valid FLSA claim or that such claim is appropriate for a collective

action.

     50.    Plaintiff's consent form to participate in the collective action has been filed with

the Court.[5]

**ANSWER:**     Defendants admit that Plaintiff has filed a consent form with the Court.  Defendants

generally deny that they violated the FLSA or that the collective action proposed by the Plaintiff is

appropriate.

     51.    The collective action is defined as follows:

> All individuals employed by Defendants as Care Management Employees in the
> last three years who were paid a salary and classified as exempt from overtime
> ("Collective Action Members").  This definition specifically excludes all
> individuals who have filed or are eligible to file consents to join *Brunty v. Optima
> Health Plan et al.*, Case No. 2:19-cv-255, filed in this District.[6]

**ANSWER:**     To the extent a response is required to Paragraph 51, Defendants deny that they

violated the FLSA and deny the proposed definition or putative class for a collective action is lawful

or appropriate and objects to the same.  Defendants state a global objection to Plaintiff's proposed

defined term of "Collective Action Members" and object to any allegation relying upon such alleged

defined term.

     52.    Plaintiff and the Collective Action Members are similarly situated because they

were paid in the same manner and performed the same primary job duties.

**ANSWER:**     Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

---

[5] Dkt. 1-1.

[6] For the avoidance of doubt, this definition only excludes those eligible to participate in the
settlement based on their time working as "Care Coordinator Non-RNs."  If any such employee
also worked in a separate and distinct position that is within the definition of Care Management
Employees, such employee would be entitled to participate in this collective action based on the
time he or she was employed in that separate and distinct position.

I-1701786.2

53.     In the last three years, Defendants employed individuals who performed the same primary job duties as Plaintiff.

**ANSWER:**     Defendants admit that Optima employed other employees in the same job title as Plaintiff.   Because Defendants do not know how Plaintiff would attempt to define "same primary job duties" they deny the allegations in Paragraph 53 of Plaintiff's Complaint.  In addition, Defendants specifically deny that employees Plaintiff attempts to group under the designation "Utilization Review Employees" or "Care Management Employees" or "Collective Action Members" perform the same primary job duties as one another.

54.     Of Defendants' employees who performed the same primary job duties as Plaintiff in the last three years, Defendants classified some or all of them as exempt from the overtime provisions of the FLSA and paid them a salary.

**ANSWER:**     Because Defendants are not sure what Plaintiff intends when she refers to jobs that have the "same primary job duties" they are without sufficient information to either admit or deny Paragraph 54 of Plaintiff's Complaint, and therefore deny the same.   Defendants admit that Plaintiff was classified as exempt.

55.     Of employees classified as exempt who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

**ANSWER:**     Because Defendants are not sure what Plaintiff intends when she refers to jobs that have the "same primary job duties" they are without sufficient information to either admit or deny Paragraph 55 of Plaintiff's Complaint, and therefore deny the same.

56.     Defendants maintained one or more common job descriptions for Collective Action Members.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 56, including for the reasons

described in Paragraph 53 of Plaintiff's complaint and because they do not understand what is meant

by "common job descriptions."

57.     Defendants have names and addresses for potential Collective Action Members in

their payroll or personnel records.

**ANSWER:**     Defendants deny this paragraph as stated, object to Plaintiff's characterization of

"Collective Action Members" and object to the collective action that Plaintiff proposes.  Defendants

generally admit that Optima maintains addresses provided to it by employees.

58.     Defendants have phone numbers for potential Collective Action Members in their

payroll or personnel records.

**ANSWER:**     Defendants deny this paragraph as stated, object to Plaintiff's characterization of

"Collective Action Members" and object to the collective action that Plaintiff proposes.  Defendants

generally admit that Optima maintains phone numbers provided to it by employees.

59.     Defendants have email addresses for potential Collective Action Members in their

payroll or personnel records.

**ANSWER:**     Defendants deny this paragraph as stated, object to Plaintiff's characterization of

"Collective Action Members" and object to the collective action that Plaintiff proposes.  Defendants

generally admit that Optima maintains payroll or personnel records provided to them by employees.

60.     Defendants are aware or should have been aware that the FLSA required them to

pay potential Collective Action Members overtime wages.

**ANSWER:**     Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

61.     Plaintiff incorporates here the previous allegations of this Complaint.

13

**ANSWER:**    Defendants incorporates their responses, denials and objections to the previous allegations in the Complaint as if fully stated herein.

62.    This count arises from Defendants' violation of the FLSA by failing to pay overtime wages to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

**ANSWER:**    To the extent a response is required, Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.    Plaintiff was not exempt from the overtime provisions of the FLSA.

**ANSWER:**    Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint and specifically assert that Plaintiff was appropriately classified as exempt.

64.    The Collective Action Members were not exempt from the overtime provisions of the FLSA.

**ANSWER:**    Defendants deny the allegations in Paragraph 64, including because they deny and object to Plaintiff's proposed definition of "Collective Action Members." Defendants further deny that any employees were misclassified as exempt.

65.    Plaintiff was directed by Defendants to work, and she did work, more than 40 hours in one or more individual workweeks.

**ANSWER:**    Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

I-1701786.2

66.     Other Collective Action Members were directed by Defendants to work, and did work, more than 40 hours in one or more individual workweeks.

**ANSWER:**     Because Defendants object to Plaintiff's proposed "Collective Action Members" definition, and are not sure who Plaintiff intends to include in this ambiguous putative class. Thus, Defendants are without sufficient information to admit or deny these allegations and thus deny the same.

67.     Defendants paid Plaintiff a salary and no overtime compensation.

**ANSWER:**     Defendants admit that Plaintiff was paid a salary and was not paid overtime.

68.     Defendants paid other Collective Action Members a salary and no overtime compensation.

**ANSWER:**     Because Defendants deny and object to Plaintiff's proposed definition of Collective Action Members, and are not sure who Plaintiff intends to include in this ambiguous putative class, Defendants are without sufficient information to admit or deny these allegations and thus deny the same.

69.     Defendants violated the FLSA by failing to pay overtime wages to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

**ANSWER:**     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants violated the FLSA by failing to pay overtime wages to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

**ANSWER:**     Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

I-1701786.2

71.     Defendants' failure to pay Plaintiff and other Collective Action Members one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

**ANSWER:**     Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.


WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendants as follows:

A.     All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B.     Liquidated damages equal to the unpaid overtime compensation due; or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.     Such other relief as the Court deems appropriate.

**ANSWER:**     Defendants deny that Plaintiff is entitled to any of the relief requested herein.

## AFFIRMATIVE AND OTHER DEFENSES[7]

### FIRST DEFENSE

Some or all of Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Claims of certain alleged class members may be barred by the applicable state of limitations.

### THIRD DEFENSE

SHPI was not Plaintiff's employer for purposes of the FLSA.

### FOURTH DEFENSE

Even if Plaintiff could establish liability (and she cannot), liquidated damages should be eliminated or reduced because Defendants took all actions in good faith and with reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act. Plaintiff and other putative class members were paid in compliance with the salary basis test. Plaintiff and other putative class members performed duties which qualify for various white collar exemptions under applicable guidance, and Defendants were subjectively and objectively reasonable in determining that Plaintiff and putative class members were exempt under applicable law. Indeed, courts and the Department of Labor have long stated that positions such as Plaintiff's and those listed in the complaint (and requiring similar degrees) are generally considered exempt.

---

[7] By listing certain non-affirmative defenses out of an abundance of caution, Defendants do not intend to waive their right to rely on other defenses. Because it is uncertain whether the court will authorize Plaintiffs to proceed collectively, and who would be in any alleged/putative class, Defendants reserves the right to rely on additional affirmative and other defenses that may apply.

I-1701786.2

**FIFTH DEFENSE**

Defendants acted in good faith in dealing with Plaintiff and did not willfully or otherwise violate the FLSA.

**SIXTH DEFENSE**

Defendants took all actions in good faith reliance on and in conformity with relevant statutes, Department of Labor regulations, Administrator rulings, enforcement policies of the Administrator, and/or other similar guidance.  Indeed, courts and the Department of Labor have long stated that positions such as those listed in the complaint (and requiring similar degrees) are generally considered exempt.

**SEVENTH DEFENSE**

Plaintiff and other putative class members are exempt employees under certain of the "white collar exemptions" and are thus not entitled to any overtime compensation.  Depending on who would be included in a putative class, Plaintiff and/or certain members of the putative class were exempt under the professional exemption, the administrative exemption, the executive exemption, the highly compensated exemption, and/or the combination/hybrid exemption. Without limitation, Plaintiff and other putative class were paid a salary of more than $455 (or as applicable $684) per week, performed office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, routinely and repeatedly exercised discretion and independent judgment with respect to matters of significance, and/or repeatedly performed work requiring advanced knowledge and the consistent exercise of discretion and judgment, with such advanced knowledge being in a field of science or learning customarily acquired through a prolonged course of specialized intellectual instruction.  Depending on who could be part of the putative class to which Defendants object, certain putative class members could also be responsible for managing a department supervising

18

two or more employees, and exercising authority regarding supervision, hiring, and firing.  Other putative class members could also earn more than required by the highly compensated exemption while performing certain exempt tasks.  Plaintiff's position required advanced degrees and required her to exercise both professional and administrative discretion as part of her primary duties on a routine basis.

## EIGHTH DEFENSE

Plaintiff and/or some of the putative collective action members claims are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

## NINTH DEFENSE

Plaintiff and/or some or all of the putative collective action members are estopped from obtaining relief by their own actions and/or have not sustained any injury or damage by reason of any act or omission of Defendants.

## TENTH DEFENSE

Plaintiff is not entitled to certification of this action as a collective action because (among other reasons) Plaintiff and the purported class members are not similarly situated to one another, Plaintiff's claims require individualized inquiries of different jobs involving different tasks, requirements, areas of the business, schedule, income levels and other key differences.  Plaintiffs cannot satisfy the requirements for a proposed collective action under the FLSA.

## ELEVENTH DEFENSE

Plaintiff is not an adequate representative of the class she purports to represent because (among many other reasons) her short tenure, the fact that her job is substantially different than the jobs she incorrectly alleges are similarly situated, the nature of her job, the contract on which she worked, and other similar factors.

I-1701786.2

## TWELFTH DEFENSE

Defendants are entitled to offset against any damages awarded for amounts paid to Plaintiff, and/or those of some or all of the putative class members to which they were not otherwise entitled, including but not limited to wage overpayment.

## THIRTEENTH DEFENSE

To the extent Plaintiff or other putative class members were found to be non-exempt (an allegation that Defendants deny), hours worked should not include non-compensable preliminary and postliminary time, non-compensable travel, *de minimis* time outside of their regular schedule, other non-compensable time, and/or other time about which Defendants lacked actual or constructive knowledge.  Although Defendants affirmatively assert that Plaintiff and other putative class members are exempt, it reserves the right to assert that the correct measure of any alleged unpaid time should be measured under the fluctuating work-week model, and that potential class members never worked more than 40 hours in a week.

## FOURTEENTH DEFENSE

Defendant states that if it was, in fact, required to pay Plaintiff and/or the putative class members overtime for work in excess of 40 hours in a work week, the uncompensated time is either non-existent or *de minimis*.

## FIFTEENTH DEFENSE

Even if Plaintiff prevails, her claims and any putative class members' claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

I-1701786.2

Defendants reserve the right to raise all defenses and/or affirmative defenses about which it becomes aware during the course of investigation and/or at trial, and therefore, reserves the right to amend this Answer and Defenses as appropriate.

OPTIMA HEALTH PLAN and
SENTARA HEALTH PLANS, INC.

By ____/s/ David A. Kushner_____
    David A. Kushner (VSB # 71173)
    William M. Furr (VSB # 29554)
    Cameron A. Bonney (VSB # 90574)
    Matthew K. Sarfan (VSB # 94979)
    Counsel for Optima Health Plan and
    Sentara Health Plans, Inc.
    WILLCOX & SAVAGE, P.C.
    440 Monticello Avenue, Ste. 2200
    Norfolk, Virginia 23510
    (757) 628-5500 Telephone
    (757) 628-5566 Facsimile
    dkushner@wilsav.com
    wfurr@wilsav.com
    cbonney@wilsav.com
    msarfan@wilsav.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on the 6th day of August, 2020, I will electronically file the foregoing

with the Clerk of the Court using the CM/ECF system, which will then send a notification of

such filing (NEF) to the following:

Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M, Falabella (VSB No. 81199)
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
Fax: (804)237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com

Travis M. Hedgpeth (*Admitted Pro Hac Vice*)
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 5l0
Houston, Texas 77056
Tel: (28l) 572-0727
travis@hedgpethlaw.com

Jack Siegel  (*Admitted Pro Hac Vice*)
Stacy Thomsen  (*Admitted Pro Hac Vice*)
Siegel Law Group PLLC
4925 Greenville Avenue | Suite 600
Dallas, Texas 75206
Tel: (2l4)  790-4454
jack@siegellawgroup.biz

 

 

_____/s/ David Kushner_____
David A. Kushner (VSB #71173)
William M. Furr (VSB # 29554)
Cameron A. Bonney (VSB # 90574)
Matthew K. Sarfan (VSB # 94979)
Counsel for Optima Health Plan
 and Sentara Health Plans, Inc.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
dkushner@wilsav.com
wfurr@wilsav.com
cbonney@wilsav.com
msarfan@wilsav.com

22

I-1701786.2