IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NIKIA EDWARDS, *on behalf of herself and others similarly situated*, et al.,
    Plaintiffs,

v().

OPTIMA HEALTH PLAN, *et al.*,
    Defendants.

Civil Action No. 2:20CV192 (RCY)

**ORDER**

This matter is before the Court on Plaintiff's Motion for Step-One Notice Pursuant to the Fair Labor Standards Act ("Motion for Conditional Certification") (ECF No. 25). For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS the Motion for Conditional Certification and ORDERS as follows:

It is ORDERED that, pursuant to 29 U.S.C. § 216(b), a conditional class certification and notice under the Fair Labor Standards Act is GRANTED for the named Plaintiffs to include the following employees in the collective action:

> All individuals employed by Defendants as Care Management Employees[1] in the last three years who were paid a salary and were classified as exempt from overtime.

---

[1] Non-clinical, non-managerial employees that perform utilization review and/or case management duties including collecting information to document insured individuals' medical circumstances (data collection); inputting that information into Defendants' computer system (data entry); using established guidelines to maximize utilization of plan resources through the application of predetermined criteria (utilization management); coordinating care by arranging appointments and referrals and obtaining necessary authorizations from individuals (care coordination); educating members about their health plan (plan education); and other similar work. "Care Management Employees" does not encompass the "Clinical Claims Reviewer" position. Additionally, individuals who were eligible to participate in the settlement of *Brunty v. Optima Health Plan, et al.*, Case No. 2:19-cv-255, are not "Care Management Employees."

IT IS FURTHER ORDERED that, the Defendants shall provide to Plaintiffs' counsel the names, job titles, start and end dates, last known mailing addresses, email addresses, and telephone numbers, of all potential members of the conditionally certified class in a useable electronic form within fifteen (15) days of the date of this Order.

IT IS FURTHER ORDERED that, within fifteen (15) days of the date of this Order, the parties shall submit an appropriate protective order specifying that the potential class members' names, home/email addresses, and phone numbers are to be used and distributed only for effecting notice of this litigation.

IT IS FURTHER ORDERED that, within fifteen (15) days of the date of this Order, the parties shall provide the Court with a joint proposed form of notice to potential members to be approved by the Court.

IT IS FURTHER ORDERED that, if necessary, the parties are granted leave for sixty (60) days from the date of this Order to conduct limited discovery solely on the issue of 29 U.S.C. § 216(b) class certification; the parties shall immediately confer and stipulate to any relevant disputed facts in order to tailor the scope of and the need for discovery; and if necessary, the parties shall also confer with the Court with respect to the determination of scope and parameters of such discovery.

IT IS FURTHER ORDERED that, any consents to joinder in this action by which additional persons who seek to join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than sixty (60) days after either the date that the Court approves the form of notice to the class or the date that Defendants provide to Plaintiffs' counsel the names, job title, start and end dates, last known mailing addresses, email addresses, and

telephone numbers, of all potential members of the conditionally certified class, whichever date is later.

IT IS FURTHER ORDERED that, the final notice and consent forms may be transmitted to putative class members by mail, email, and text message, with a reminder notice permissible using the same methods after thirty (30) days from the initial notice.

IT IS FURTHER ORDERED that, the filing of all dispositive motions are STAYED until further order of the Court.

IT IS FURTHER ORDERED that, at the conclusion of the sixty-day opt-in period, the parties shall promptly meet and confer about an appropriate discovery plan and contact the undersigned's Courtroom Deputy to set a case scheduling conference.

Let the Clerk file this Order and the accompanying Memorandum Opinion electronically and notify all counsel accordingly

It is so ORDERED.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: March 29, 2021