EXHIBIT A

*Edwards v. Optima Health Plan,* Case No. 2:20-cv-192
**(Eastern District of Virginia)**

**NOTICE OF LAWSUIT**

**1.   What is this Notice about?**

This Notice is about a lawsuit that you may choose to join, to inform you of how your rights may be affected by joining or not joining this lawsuit, and to inform you how to participate in this lawsuit if you wish to do so.

**2.   What is the lawsuit about?**

The lawsuit is about whether certain current and former employees, referred to here as Care Management Employees, who worked for Optima Health Plan or Sentara Health Plans, Inc. (collectively, "Optima" or the "Company") are owed overtime compensation under a federal law called the Fair Labor Standards Act ("FLSA"). The lawsuit claims that Optima violated the FLSA by not paying Care Management Employees overtime when they worked more than 40 hours per week.

**3.   Why did I receive this Notice?**

You received this Notice because Optima identified you as a current or former employee that worked for the Company as a salaried Care Management Employee during the last **three years**—the time period covered by this lawsuit. The term "Care Management Employee" may include (for purposes of this lawsuit) the following positions: Authorization Coordinator, Pre-Authorization Coordinator, Behavioral Health Utilization Management Care Coordinator, Integrated Care Manager, Safety Initiative Coordinator, and Transition Care Coordinator.

**4.   Does the Court have an opinion as to the merits of the lawsuit?**

The Court takes no position on the merits of this lawsuit.

**5.   Does Optima Health have an opinion as to the merits of the lawsuit?**

Optima Health denies any violation of the FLSA, and is defending itself in this lawsuit.  It is Optima's position that Care Management Positions are exempt from the FLSA's overtime requirements and that such employees are not legally entitled to overtime wages.  .

**6.   How do I join the lawsuit?**

If you would like to join the lawsuit, you can join online by completing the Consent to Join form at [URL]. Or you can complete the enclosed Consent to Join form and either (1) mail it in the provided pre-paid envelope or (2) email it to [email address]. If you join, your lawyers, identified in Section 12, will file your Consent to Join form with the Court, so please review it before you sign.

**7.   When do I need to submit the Consent to Join form to join the lawsuit?**

To join the lawsuit, you must return the Consent to Join form by **[insert date 57 days after Court approves Form Notice) ]**.  If you do not return the Consent to Join form by **[insert date 57 days after Court approves Form Notice]**, you may not be able to join the lawsuit.  If you mail the Consent to Join form, it must be post marked by [**insert date 57 days after Court approves Form Notice)**] or you may not be able to join the lawsuit.

**8.   What happens if I join the lawsuit?**

If you join this lawsuit, you will be bound by its outcome, whether favorable or unfavorable.  This means

1

that if the Care Management Employees win the lawsuit or obtain a settlement, you may receive a payment. If the Care Management Employees lose the lawsuit, you will not receive any money and you will not have the opportunity to bring the same claims against Optima in the future. If you join the lawsuit, you may be required to participate in discovery, produce documents, and appear for depositions and/or trial.

9. **What happens if I decide not to join the lawsuit?**

You are not required to participate in this case. If you do not want to join this lawsuit, simply do nothing, and you will not be bound by any judgment or participate in any settlement reached by the parties.

If you do not join this lawsuit, you will not waive any claim under the FLSA you may have against Optima, but you would need to file your own lawsuit to make that claim within the applicable "statute of limitations" period, which is two years from the date of the violation, or three years from the date of the violation if the violation is willful. If you do not join this lawsuit, the statute of limitations will continue to run against your claims until you have filed a consent form with a court in another lawsuit. If you proceed with your own lawsuit, you may do so on your own with an attorney of your own choosing.

10. **Can the Company retaliate against me for joining this lawsuit?**

No. Federal law prohibits Optima or any other company from firing you or taking any adverse action against you because you decided to join the lawsuit.

11. **Who will be my lawyers if I join the lawsuit, and how will the lawyers be paid?**

If you join the lawsuit, you will be represented by the attorneys identified in Section 12, below, and any of their associated attorneys.

The lawyers representing the Care Management Employees will only be paid if they win the lawsuit or obtain a settlement. If either happens, the lawyers may receive their fees and costs from the Company or they may receive a percentage of any money awarded by the Court or obtained through a settlement. If the Care Management Employees lose the lawsuit, you will not have to pay your lawyers.

12. **How do I get more information about the lawsuit?**

If you have questions about this Notice or the lawsuit, please write, call, or e-mail Travis Hedgpeth, Stacy Thomsen, or Jack Siegel. Here is their respective contact information:

| **Travis M. Hedgpeth** | **Jack Siegel** | **Harris D. Butler, III**<br>**Zev H. Antell** |
|---|---|---|
| **The Hedgpeth Law Firm, PC** | **Stacy Thomsen** | **Paul M. Falabella** |
| 3050 Post Oak Blvd., Suite 500 | **The Siegel Law Group PLLC** | **Butler Curwood, PLC** |
| Houston, Texas 77096 | 4925 Greenville Ave., Suite 600 | 140 Virginia Street, Suite 302 |
| **Phone: (281) 572-0727** | Dallas, Texas 75214 | Richmond, Virginia 23219 |
| [Travis@hedgpethlaw.com](mailto:Travis@hedgpethlaw.com) | **Phone: (214) 790-4454** | Phone: (804) 648-4848 |
| | [Jack@siegellawgroup.biz](mailto:Jack@siegellawgroup.biz) | [harris@butlercurwood.com](mailto:harris@butlercurwood.com) |
| | [Stacy@siegellawgroup.biz](mailto:Stacy@siegellawgroup.biz) | [zev@butlercurwood.com](mailto:zev@butlercurwood.com) |
| | | [paul@butlercurwood.com](mailto:paul@butlercurwood.com) |

**THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA. THE COURT HAS TAKEN NO POSITION ON THE MERITS OF THIS LAWSUIT.**

**PLEASE DO NOT CALL OR WRITE THE JUDGE IN THIS LAWSUIT. THE JUDGE CANNOT ANSWER QUESTIONS ABOUT THIS LAWSUIT OR THIS NOTICE.**

# NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I consent to be a party plaintiff to seek overtime pay in the case in which this consent is filed. By joining this lawsuit, I designate the named plaintiff and her attorneys (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of pursuing my unpaid wage and overtime claims I choose to be represented by The Hedgpeth Law Firm, PC, The Siegel Law Group PLLC, Butler Curwood, PLC, and other attorneys with whom they may associate.

Date: _____  Signature_____

Printed Name: _____

I-1766654.2

**Please Print or Type the Following Information.**
**This information will not be part of the Public Record and is Necessary for your Attorneys' Files and Potential Settlement.**

***Note: This Portion Will NOT Be Filed with the Court***

Cell phone number: _____ Home phone number: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Email: _____

Location(s) where you worked: _____

Position(s) you held: _____

Approximate dates of employment: _____